IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00295-BNB

GWEN BERGMAN,

Plaintiff,

v.

SIX UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION,
Denver District,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Gwen Bergman, appears to be a pretrial detainee who currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado. She submitted to the Court *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). She asks for habeas corpus relief, injunctive relief in the form of the return of her confiscated property, and money damages. Ms. Bergman may not seek habeas corpus relief in this civil rights action. She has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Ms. Bergman is representing herself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under *Bivens*, a plaintiff must

allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of federal law. For the reasons stated below, Ms. Bergman will be directed to file an amended complaint.

Ms. Bergman's complaint asserts one, rambling claim. She alleges that on April 9, 2004, six government agents made a warrantless search and seizure of her vehicle that was parked in a hotel parking lot and packed with her personal and legal possessions. She further alleges that the agent confiscated the property inside her vehicle, including but not limited to $35,000, jewelry, antiques, computers, software, luggage, clothing, electronics, and boxes of court transcripts and evidence for pending court cases. She also alleges that the agents were responsible for harming her vehicle and her animals, and that they caused the deaths of two of her pets, who apparently were in the car. On the basis of these allegations, she appears to assert a Fourth Amendment claim of an unreasonable search and seizure.

She makes a vague reference to a criminal case, **United States v. Bergman**, No. 04-cr-00180-WDM-1. According to this Court's docketing records in No. 04-cr-00180-WDM-1, Ms. Bergman pleaded guilty to a two-count information alleging a violation of the Travel Act and that property derived from the Travel Act violation, including $29,000 in United States currently and a United States Postal Order in the amount of $1,000 should be forfeited to the government. She was sentenced on December 15, 2004, to sixty months of imprisonment. Judgment was entered on December 20, 2004.

On August 16, 2006, the United States Court of Appeals for the Tenth Circuit vacated Ms. Bergman's plea agreement, convictions, and sentences, and remanded

the case to this Court for further proceedings. On September 13, 2006, the government filed a new indictment against Mr. Bergman. The case currently is pending before the Court. It is not clear whether Ms. Bergman has raised the claims asserted here in the criminal proceeding.

Ms. Bergman fails to provide the Court with the names and addresses of each of unnamed defendant. It appears from Ms. Bergman's allegations that the names of the defendants are listed in her criminal proceeding. The Court notes that it is Ms. Bergman's responsibility to provide the Court with these defendants' names and addresses. She must name each defendant she intends to sue in the caption to the amended complaint, she must allege exactly what each defendant did to violate her constitutional rights, and she must allege which constitutional rights were violated.

Ms. Bergman may use fictitious names, such as Jane or John Doe, if she does not know the real names of the individuals who allegedly violated her rights. However, if she uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

In addition, the amended complaint Ms. Bergman will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network,**

*Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Ms. Bergman "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007). Accordingly, it is

ORDERED that Ms. Bergman file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Bergman, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Ms. Bergman submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Ms. Bergman fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 5, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00295-BNB

Gwen Bergman
Prisoner No. 195045
Jefferson County Det. Facility
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/5/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk